[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this two count amended complaint seeking damages for defendants' failure to pay the amount due under an oral contract, or in the alternative the amount of unjust enrichment of the defendants as a result of plaintiff providing to defendants labor and materials in the construction of a house.
The defendants deny that plaintiff is due any damages and counter claim for damages resulting from plaintiff's breach of a written contract, and violation of Uniform Trade Practices Act.
The factual basis of this complaint and the counterclaim is:
Defendants were contemplating building a home in Southington. They had a lot in a subdivision they intended to purchase. There were discussions between the parties as to the feasibility and cost of erecting a house on the lot based on the house design the defendants had in mind.
The defendants provided the plaintiff with a floor plan blueprint, and modified it during discussions with the plaintiff. The plaintiff subsequently drew up a new floor plan based upon the modified blueprint. See Plaintiff's Exhibit 41. The defendants also had elevation wings of the house which were provided to the plaintiff. (Plaintiffs Exhibit 37). CT Page 13
On December 14, 1994, the plaintiff provided a pre-printed form agreement to defendants whereon were entered the types and quantities of materials, painting, electrical work, kitchen equipment, etc. that were to be incorporated in building the house. It also provided for payments and disbursements that were to be made by defendants in the total sum of $200,000.00. Both plaintiff and defendants executed this agreement.
On or about December 15, 1994, the defendants purchased the lot previously mentioned. The plaintiff drafted the modified floor plans and began work on the lot during the latter half of January 1995.
About this time, the plaintiff drafted another document concerning the construction of the house for the defendants. This document entitled Construction Contract dated June 24, 1995, contained a more detailed description of the responsibilities of each of the parties, it also included the document executed by the parties on December 14, 1994 with changes requested by owners as well as changes in total costs, payment of these costs and including a fee of $18,000.00 for plaintiff for its services in the construction. See Plaintiff's Exhibit 2.
This document was signed in behalf of the plaintiff by Scott Bayne, an officer of the plaintiff. The document was then given to defendant, Randy VanVoorhies, for execution by the defendants.
The defendants did not execute the document nor did they return it to the plaintiff, nor indicate to plaintiff their unwillingness to execute the document.
The plaintiff began the construction of the defendants' house. During the course of the construction further modifications and alterations were orally requested by the defendants and made by the plaintiff. The house construction was completed. The certificate of occupancy was issued. The defendants moved in. Plaintiff then presented to the defendants his final billing. Defendants denied that any payment was due. They informed the plaintiff that they had fully paid all costs due for the construction of the house by the plaintiff based upon the December 14, 1994 agreement.
Thereupon the plaintiff brings this action. The issues presented for resolution are: CT Page 14
Was there a valid written contract? If not, was there a valid oral contract? If there was neither a valid written nor oral contract, were the defendants unjustly enriched? If so, in what sum?
The court determines, based upon hearing the testimony presented by the parties, examining the evidence and applying the applicable law, that the parties entered into a written agreement dated December 14, 1994, wherein the plaintiff was to build a house for the defendants on a lot they were to purchase.
That the agreement, in the form of pre-printed specification sheets also incorporated plans for the house, set out the work to be performed by the plaintiff, and the payment schedule to be made by the defendants in the sum of $200,000.00.
That the agreement required that changes to the contract be in writing signed by the parties.
That the plaintiff made a subsequent written proposal to the defendants in which the house to be built for the defendants would be paid on a cost of the materials and labor plus the plaintiff's fee of $18,000.00. The plaintiff delivered this proposal to the defendants. It, however, was never signed and never returned to the plaintiff.
The plaintiff undertook the construction in accordance with the written agreement, except that written changes in the construction required by the agreement were not made by the defendants, nor requested by the plaintiff. The various changes were made orally by the defendants and carried out by the plaintiff. These changes were outside the written contract and, although the specific extra payment to be made by the defendants was not set out when the change was ordered, the payment was to be made when billed by the plaintiff.
That these changes ordered by the defendants were separate oral agreements between the parties with the sum to be paid based upon costs of labor and materials together with plaintiff's reasonable fee for his services.
That plaintiffs reasonable fee is found to be 10% of the cost of labor and materials. The court arrives at this fee based upon the only evidence presented, that is, plaintiff's proposal that CT Page 15 was not accepted by defendants, set out a fee of $18,000.00 for the construction of the home valued at $200,000.00 in the parties written agreement. This fee amounts to 10% of the value of the labor and materials cost.
The court further finds and calculates as follows:
Parties written contract $200,000.00 Payments by defendants $192,979.80 Parties Oral Contracts: Fireplaces and stairs $ 9,550.00 Fireplace woodwork 2,490.00 Electrical fixtures 883.93 Garage — steel beam 850.00 Copper roofing 500.00 Septic fill 18,801.00 Plumbing 5,230.00 Flooring 2,486.90 Appliances 4,715.64 Electrical wiring 2,954.00 ___________ $ 48,962.00
Credits due defendants:
 Painting $12,000.00 Kitchen 5,500.00 __________ $17,500.00 — 17,500.00 ___________
Oral contract's balance $ 21,462.00 Plaintiff's fee at 10% 2,146.00 ___________ Oral contracts total $ 23,608.00 Written contract $200,000.00 ___________ Total both contracts $223,608.00 Total paid by defendants -192,979.80 ___________ Balance due from defendants to plaintiff $ 30,628.20
Therefore, it is the Order of the court that judgment may enter for the plaintiff on its First Count of the amended CT Page 16 Complaint, and for the defendants on the Second Count. Further, that judgment may enter for the plaintiff on all counts of the defendants' counterclaim.
Costs are not assessed against either party.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE